

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXX~~XXX
ATTORNEY GENERAL

Honorable S. M. Pliler
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-5406
Re: May the County of Taylor legally purchase
passenger automobiles out of Road and
Bridge Funds for the use of county
commissioners? And other questions.

Your letter of June 15, 1943, requesting the opinion of this department
on the questions stated therein, reads as follows:

"Your opinions are requested on the following questions
in regard to Taylor County.

"1. May the County of Taylor legally purchase automobiles
out of Road and Bridge Funds for the use of County
Commissioners?

"2. May the County Commissioners of Taylor County use
County automobiles purchased in the above manner to travel
outside of the County?

"3. May the County Treasurer of Taylor County be appointed
purchasing agent of the County and receive additional
compensation for these duties in excess of the statutory
$2,000.00 limitation as set for County Treasurers?"

Generally speaking many counties operate under special road laws which
provide for a more efficient road system in such counties, and especially
provides for the payment of accounts or expenses incurred by the county
commissioners of the county in the operation of their own private
automobiles for supervising the maintenance of roads in their counties.
They further provide for the purchase and payment of various kinds of
equipment including pickups, etc. However, after a careful search of
the statutes, we are unable to find any special statute, or road law,
under which Taylor County operates, authorizing the purchase of
automobiles. The general law makes no provisions for the purchase of
automobiles, for the county, to be used by the county commissioners in
the conduct of their office.

Our Opinion No. 0-1918, among other things, holds that Dallas County is not authorized to expend its funds for the purchase of automobiles to be used by the commissioners in connection with their duties in going to and from their respective districts on county business or in payment of repair and storage bills on such automobiles. Similar requests as presented in your letter were answered by this department in our opinions Nos. 0-541, 0-752, 0-996, 0-1345, 0-2562, and 0-4508. We enclose a copy of our opinion No. 0-1918.

In view of our opinions heretofore mentioned and the authorities cited therein we respectfully answer your first questions in the negative.

As we have answered your first question in the negative it necessarily follows that your second question requires no answer.

With reference to your third question we direct your attention to our Opinion No. 0-2970 which holds in effect that Taylor County does not have the legal right or authority to employ or appoint a county purchasing agent. As we have heretofore held that Taylor County has no legal authority to employ or appoint a purchasing agent, we deem it unnecessary to further discuss your third question. We enclose a copy of Opinion No. 0-2970.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By
    Ardell Williams
    Assistant

AW:db/ ldw

Enclosures

APPROVED JUN 21, 1943
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN